**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LaTANYA T. RHODES,

    *Plaintiff*,                        Case No. 09-cv-14204

v.                              DISTRICT JUDGE JULIAN ABELE COOK
                                     MAGISTRATE JUDGE CHARLES E. BINDER
COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT COMMISSIONER'S MOTION TO DISMISS
(Doc. 12)

This matter is before the undersigned magistrate judge pursuant to an order of reference filed October 26, 2009. (Doc. 4.) Defendant sought and was granted an extension of time in which to file an answer to the complaint. (Docs. 10, 11.) On February 24, 2010, Defendant filed the instant motion to dismiss contending that Plaintiff's filing of her complaint seeking judicial review of the Commissioner's decision was untimely. Plaintiff, who is proceeding *pro se*, filed a response opposing the motion. (Doc. 17.) The motion is therefore ready for Report and Recommendation.

Judicial appeals of Social Security decisions are authorized and governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Consistent with this statutory authority, the Commissioner's regulations provide that such a civil action:

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision . . . is received by the individual . . . . For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision . . . shall presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). The statute of limitations as set forth in section 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E. D. Pa.1976). *See also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Watson v. Comm'r of Soc. Sec.*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal").

In this case, Plaintiff contends that the 65-day period allowed her to file her complaint on or before October 24, 2009, and since that day fell on a Saturday, the filing of her complaint on the following Monday, October 26, 2009, was timely. (Doc. 17 at 1.) Incorporated in her response is a copy of *Cook v. Commissioner,* 480 F.3d 432 (6th Cir. 2007). That case cites Rule 26(a)(3) of the Federal Rules of Appellate Procedure, which states that if the clerk's office is inaccessible "on the last day for filing under Rule 26(a)(1), then the time for filing is extended to the same time on the accessible day that is not Saturday, Sunday, or legal holiday." I note that Rule 6(a)(3) of

the Federal Rules of Civil Procedure mimics the language of the appellate rule and is more directly applicable here.

Plaintiff, however, miscounts the days leading up to the deadline for filing. Here, the Appeals Council denied Plaintiff's request for review on August 19, 2009. Plaintiff's complaint should have been filed within 65 days, i.e., on or before Friday, October 23, 2009, a date when the clerk's office was accessible. As a result, I conclude that neither FED. R. APP. P. 26(a)(3), which pertains to cases filed in the United States Courts of Appeals, nor FED. R. CIV. P. 6(a)(3), which pertains to case filed in the United States District Courts, are applicable here. Therefore, Plaintiff's complaint filed on Monday, October 26, 2009, is untimely, and must be dismissed.

Although not argued by Plaintiff, I note that equitable tolling may be applied to extend the limitation period under appropriate circumstances. Courts consider the following factors in determining whether equitable tolling of a statute of limitations should apply:

> (1) the [plaintiff's] lack of [actual] notice of the filing requirement; (2) the [plaintiff's] lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the [defendant]; and (5) the [plaintiff's] reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook,* 480 F.3d at 437 (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). In this case, Plaintiff's response evidences that she cannot claim lack of notice or knowledge of the filing requirement. The Appeals Council notice clearly sets forth the requirements, including the deadline, and further informs parties of the ability to ask for an extension of the deadline. Therefore, the first and second factors weigh against Plaintiff. Plaintiff did not request any extensions. Instead, it appears that Plaintiff simply miscalculated the deadline and waited until the expiration of that misapprehended deadline to file her complaint. Miscalculation is one of the risks associated with waiting until the last possible moment to file pleadings, but is not a ground

3

justifying the application of equitable tolling.  To the contrary, procrastination is the opposite of diligence and reasonableness; thus, the third and fifth factors also weigh against Plaintiff. Although the prejudice to Defendant is not strong, the strength of the other factors would lead me to recommend that, if it had been raised, equitable tolling should not apply in these circumstances.

Accordingly, **IT IS RECOMMENDED** that the Commissioner's motion be **GRANTED** and that the case be **DISMISSED.**

                                                      s/ *Charles E Binder*
                                                     CHARLES E. BINDER
Dated: April 29, 2010                           United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: LaTanya T. Rhodes, P.O. Box 700078, Plymouth, MI 48170.

Date:  April 29, 2010         By     s/Patricia T. Morris
                                                Law Clerk to Magistrate Judge Binder