UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaTANYA T. RHODES,

        Plaintiff,

v.

                                        Case No. 09-14204

COMMISSIONER OF SOCIAL SECURITY,      Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

On October 26, 2009, the Plaintiff, LaTanya T. Rhodes,[1] filed a complaint seeking to obtain a judicial review of a final decision by the Defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), who had denied her application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423(d).

On February 24, 2010, the Defendant filed a motion to dismiss this case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), contending that the Plaintiff had failed to file her complaint in a timely manner. When the Plaintiff expressed her opposition to this dispositive motion in a *pro se* response, the Court referred the matter to a magistrate judge for a report and recommendation. On April 29, 2010, the magistrate judge issued a report, in which he recommended that the Court grant the Defendant's motion to dismiss. On May 28th, the Plaintiff,

---

[1] Rhodes initiated her action as a *pro se* Plaintiff, but retained legal counsel on May 26, 2010.

1

acting with her newly-retained counsel, filed a pleading in which she challenged the merit of the Defendant's dispositive motion and the magistrate judge's report and recommendation. For the reasons that have been set forth below, the Court declines to adopt the magistrate judge's report, and, in so doing, denies the currently pending motion to dismiss without prejudice.

I.

The Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423(d), was rejected by an administrative law judge on April 8, 2009. Thereafter, she made an unsuccessful effort to obtain an administrative review of this decision with the Appeals Council. The Plaintiff, feeling aggrieved over her inability to obtain a favorable decision on the administrative level, sought judicial review of these proceedings by filing of a complaint in this federal district court.

The Defendant then filed a motion to dismiss, contending that the Court lacks subject matter jurisdiction because the Plaintiff failed to file her complaint within the requisite time period. In making this argument, the Defendant notes that (1) the Appeals Council's decision was rendered on August 19, 2009, and (2) the Plaintiff had until October 23rd of the same year to file for a judicial review of an adverse administrative decision. Furthermore, the Defendant points out that the Plaintiff filed her complaint with this Court three days late; i.e., October 26th. The Plaintiff disagrees, arguing that she (1) never received a copy of the Appeals Council's decision, (2) was given an incorrect filing deadline date by a Social Security Administration official, and (3) filed her complaint in a timely manner in accordance with the incorrect date which was relied upon by her.

II.

A claimant who seeks a review of the denial of an application for Social Security disability benefits must initiate a civil action in a federal district court "within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 435 (6th Cir. 2007). However, it should be noted that this sixty-day limit is "not jurisdictional but a period of limitations" capable of tolling based on equitable principles. *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994).

Applicable federal regulations have clarified that (1) the sixty-day period begins when the notice is *received* by the applicant, and (2) the limitations period begins running five days after the date of the notice. Thus, in a practical sense, a claimant for Social Security benefits has a total of sixty-five days from the date of the notice to apply for a judicial review of the Commissioner's decision unless there is a reasonable showing that it was not received within five days of the date of the notice. *See* 20 C.F.R. §422.210(c); *see also Harris v. Comm'r of Soc. Sec.*, 25 Fed. App'x 273, 273-74 (6th Cir. 2001); *Graham-Humphrey's v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (limitations period begins to run sixty-five days after the date of the notice "unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period."). Additionally, the Federal Rules of Civil Procedure provide that if the clerk's office is inaccessible on the last day for filing, "then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(3).

Under appropriate and limited circumstances, a claimant may be entitled to an equitable tolling of the filing deadline. *See Cook,* 480 F.3d at 437. However, courts are urged to apply equitable tolling sparingly, and only under appropriate circumstances. *See Graham-Humphrey's*,

3

209 F.3d at 560-61; *see also Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) ("equitable tolling is to be carefully applied."). In its adoption of this principle, the Sixth Circuit Court of Appeals ("Sixth Circuit") has announced that it will consider the following five factors in determining whether the tolling of a statute of limitations is appropriate:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437 (quoting *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001)). These factors "are not comprehensive, nor is each of the five factors relevant in all cases." *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (quoting *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)). Rather, courts are strongly encouraged to employ a case-by-case analysis when considering if equitable tolling is applicable. *Id.* at 635.

III.

In order for the Plaintiff to seek a judicial review of the Commissioner's decision in the case at bar, she must have filed her complaint on or before October 23, 2009. Despite having filed her complaint on October 26, 2009, the Plaintiff nevertheless urges the Court to allow her claim to go forward on the basis of the current record. Inasmuch as the Plaintiff, in making this argument, is invoking the equitable powers of the Court, it will now turn to those equitable tolling factors which have been discussed in *Cook*, *supra.*

In his report, the magistrate judge concluded that (1) the notice from the Appeals Council set forth the filing requirements, including the deadline, and (2) the Plaintiff's response indicated that she had notice and knowledge of the requirements. Thus, it was the finding of the magistrate judge that the first and second factors of the tolling test under *Cook* weighed against the interests

4

of the Plaintiff. However, it is the contention of the Plaintiff that she (1) never received any notice from the Appeals Council due to unresolved mail delivery and mail tampering problems, and (2) was unaware of the Appeals Council's decision until she contacted Clifford Briggs, an employee with the Social Security Administration, regarding an unrelated matter in October 2009. She maintains that Briggs mistakenly told her that the last day to file her complaint for judicial review was October 26, 2009.

To substantiate her claim that she never received any notice from the Appeals Council, Rhodes proffers multiple letters from several governmental entities (i.e., United States Postal Service, United States Postal Inspection Service, and State of Illinois Attorney General's office) which ostensibly indicate that her mail had been improperly delivered on a number of occasions in the past. She also notes that the declaration[2] which was attached to the Defendant's motion to dismiss states that the notice of action from the Appeals Council was sent to her at 45459 Parkdale Drive in Canton, Michigan 48188. However, she points out that this notice is addressed to her in care of P.O. Box 871158, Canton, Michigan 48187. As additional evidence of her contention on this issue, the Plaintiff filed a copy of a notice of change of address with the Court on March 1, 2010 which reflected a change of her mailing address from the Parkdale Drive location to the above-listed post office address in Canton. However, given the conflicting addresses on the declaration that has been provided by the Defendant, and on the Appeals Council's notice, it is not clear to the Court as to where the notice of action had been actually mailed. Thus, the Court

---

[2]This declaration is an unsworn statement which was submitted pursuant to 28 U.S.C. § 1746 as being true under the penalty of perjury by Earnest Baskerville, an employee with the Office of Appellate Operations of the Office of Disability Adjudication and Review, Social Security Administration.

5

believes that the Plaintiff has presented a sufficiency of evidence to rebut the presumption that she received the Appeals Council notice.

Thus, the Plaintiff - prior to her conversation with Briggs - was entirely unaware of the filing deadline or the steps that she was required to undertake in order to file a complaint. As such, the Court, and in the absence of any convincing counter information from the Defendant, concludes that factors one and two weigh in favor of equitable tolling in this case.

Factors three and five under the *Cook* equitable tolling test focus on the Plaintiff's diligence in pursuing her rights, and the reasonableness of her ignorance of the legal filing requirements. *See Cook*, 480 F.3d at 437. Although ignorance of the law is no excuse for the failure of a litigant to adhere to procedural rules, "when reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel." *Sanders v. Detroit Police Dep't*, 653 F. Supp. 2d 715, 721 (E.D. Mich. 2009). Although the lenient treatment provided to *pro se* litigants has its limitations, *see id.* at 721, the Supreme Court has noted that "if the [*pro se*] petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate." *Pliler v. Ford*, 542 U.S. 225, 235 (2004) (O'Connor, J., concurring).

The Plaintiff has provided a letter, as well as e-mail correspondence, from Briggs in which he acknowledges that he miscalculated the deadline and unintentionally informed her that she had until Monday, October 26th to file a complaint in this federal court. She insists that October 26th was the only filing date about which she was aware.

As the magistrate judge correctly noted, a miscalculation is a risk that is associated with waiting until the final day of a filing deadline to submit pleadings. However, given the confusion surrounding whether the Plaintiff ever actually received a copy of the notice, and Briggs'

acknowledgment that he provided her with an incorrect filing date, it is unclear to whom the fault, if any, should be attributed in this case. The Court notes that "typically" equitable tolling is appropriate "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control[,]" *Graham-Humphrey's*, 209 F.3d at 560-61, which appears to be the case here. If the Plaintiff never received a copy of the Appeals Council notice with the correct filing date on it, she would have had no reason to believe that a Social Security Administration official would provide her with an incorrect filing deadline. Under these circumstances, the Court believes that it was reasonable and justifiable for the Plaintiff to have relied upon the accuracy of a statement by a Social Security official as it pertained to the filing of a civil complaint in a federal court.

It should also be noted that the Plaintiff promptly filed her complaint on the "incorrect" final filing date which, in the opinion of the Court, gives evidence of her diligence in pursuing her rights in this litigation. *See Andrews*, 851 F.2d at 152 (plaintiffs who missed filing deadline after reasonably relying on mistaken circumstances successfully presented case for equitable tolling because they "acted with diligence upon being informed of their need to do so"). The Court thus finds that the third and fifth *Cook* factors militate against the dismissal of the Plaintiff's action.

The fourth and final factor to be considered regarding equitable tolling involves an evaluation of the prejudice, if any, to the Defendant. The absence of prejudice should be considered only if the other factors that may justify tolling have been identified. *See id.* at 151-52 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The Court has identified circumstances that could reasonably justify the Plaintiff's failure to meet the filing deadline, and concludes that she exercised diligence in pursuing her rights. With respect to the issue of prejudice

to the Defendant, the Plaintiff initiated her action only a day late,[3] and since that initial filing she has responded to motions and the directives from the Court in a timely fashion. The Defendant was able to respond to the complaint, and all other documents that have been submitted thereafter by the Plaintiff. Furthermore, there is nothing to suggest that the one day delay created any prejudice.

In his report, the magistrate judge did not address (1) the Plaintiff's concerns regarding the misdelivery of her mail or (2) Briggs' acknowledgment that he provided her with the wrong filing date. The Court believes that consideration of those circumstances calls for its application of equitable tolling. Therefore, a one day delay on a single filing is not a sufficient ground for dismissal.

IV.

Accordingly and for the reasons that have been stated above, the Court declines to adopt the magistrate judge's recommendation, and, in so doing, denies the Defendant's motion for dismissal without prejudice.

IT IS SO ORDERED.

Dated: August 10, 2010  
      Detroit, Michigan

S/Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Court Judge

---

[3] The correct final filing date (October 23rd) fell on a Friday. The clerk's office was unaccessible for filing during the weekend of October 24th and 25th. Therefore, the next accessible day for filing pursuant to Fed. R. Civ. P. 6(a)(3) was October 26th - the date on which the Plaintiff submitted her application for judicial review.

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 10, 2010.

s/ Kay Doaks  
Case Manager
